UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TRUSTEES of the SHEET METAL WORKERS' NATIONAL PENSION FUND; TRUSTEES of the NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; TRUSTEES of the SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST; TRUSTEES of the INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; TRUSTEES of the NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY FUND,

**ADOPTION ORDER**
14-CV-5064(ADS)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2015 ★
LONG ISLAND OFFICE

Plaintiffs,

-against-

LEADING EDGE METAL WORKERS LLC, and KRISTOPHER AMPLO, as an individual,

Defendants.
----------------------------------------------------------------x

## APPEARANCES:

**JEFFREY S. DUBIN, ESQ.**
*Attorney for the Plaintiffs*
464 New York Avenue, Suite 100
Huntington, NY 11743

## NO APPEARANCES:

**LEADING EDGE METAL WORKERS, LLC**
*The Defendant*

**KRISTOPHER AMPLO**
*The Defendant*

1

**SPATT, District Judge:**

On August 26, 2014, the Plaintiffs Trustees of the Sheet Metal Workers' National Pension Fund; Trustees of the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Trustees of the Sheet Metal Occupational Health Institute Trust; Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry; and Trustees of the National Stabilization Agreement of the Sheet Metal Industry Fund (collectively, the "Plaintiffs" or the "Funds") commenced this action against the Defendants Leading Edge Metal Workers LLC ("Leading Edge") and Kristopher Amplo ("Amplo", together with Leading Edge, the "Defendants") under Section 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 *et seq.*, to recover unpaid fringe benefit contributions to the Funds and related damages.

On October 16, 2014, the Clerk of the Court noted the Defendants' default.

On October 20, 2014, the Plaintiffs moved for a default judgment.

On October 22, 2014, this Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On July 17, 2015, Judge Lindsay issued a Report and Recommendation ("R&R"), recommending that the Defendants be held jointly and severally liable for the following damages: (i) unpaid contributions in the amount of $7,565.60;

(ii) liquidated damages in the amount of $1,513.12; (iii) attorneys' fees in the amount of $2,280; and (iv) costs in the amount of $560, for a total award of $11,918.72.

However, Judge Lindsay found that the documentary evidence in the record did not did not support the Plaintiffs' request for prejudgment interest at a rate of 8.5%. Accordingly, Judge Lindsay recommended denying without prejudice this aspect of the Plaintiffs' motion, with leave to renew upon the submission of sufficient supporting documentation.

Similarly, Judge Lindsay found that the applicable trust agreements also contained varying and inconsistent provisions relating to pre-litigation liquidated damages. Accordingly, she recommended that the branch of the Plaintiffs' motion seeking an award of such damages also be denied without prejudice and with leave to renew upon the "submission of additional documentation addressing which unpaid contributions should be subject to the pre-litigation liquidated damages provision contained in each specific agreement."

On July 27, 2015, the Plaintiffs' filed proof of service of the R&R on the Defendants.

More than fourteen days have elapsed since service of the R&R on the Defendants, each of whom has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the July 17, 2015 Report and Recommendations is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiffs in the amount of $9,078.72, plus legal fees of $2,280 and costs of $560, and to close the case.

It is

**SO ORDERED**

Dated: Central Islip, New York
September 24, 2015

s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge